under the statute since the court order and the decree do not conflict, 5 U.S.C. § 8339(j)(3)(A), but rather both provide for a survivor annuity. Therefore, even if OPM did not accept his divorce decree as an effective election, the Former Spouse Annuity Election form that Mr. Williams signed constituted a valid election that remains binding on him.

■ We also disagree with Mr. Williams' contention that his election was involuntary. On three different occasions, Mr. Williams expressed his intent to provide a survivor annuity for his former spouse, and on the Former Spouse Annuity Election form, he attested that he understood what he had signed. While he may have felt compelled to do so by the divorce decree, Mr. Williams has not alleged, much less provided any evidence of, impropriety in the divorce proceeding to support his claim of coercion. The alleged coercion here was not by Mr. Williams' federal employer. *Cf. Roskos v. United States*, 213 Ct.Cl. 34, 549 F.2d 1386, 1389 (Ct.Cl.1977). Without any evidence of improper duress or coercion, we conclude that Mr. Williams voluntarily elected to provide this benefit.

■ Finally, Mr. Williams complained that the Board cited the wrong regulation referring to 5 C.F.R. § 831.631(b)(4)(i), which applies only to current spouses, instead of § 5 C.F.R. § 831.632, which applies to former spouses. The latter regulation does not refer to the election as being irrevocable. This incorrect citation was at most harmless error. The statute is clear on its face that any election is irrevocable. *See* 5 U.S.C. § 8339(j)(3) ("The reduction ... shall be permanent and unaffected by any future termination of the entitlement of the former spouse."). In addition, in bold print on the election form, there was a clear statement that Mr. Williams could not change or reduce his election after OPM had received a valid election. Accordingly, we find that the election is still valid and binding on Mr. Williams.

For the foregoing reasons, the decision of the Board is affirmed.

No costs.

**Carl J. REESE, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7085.

United States Court of Appeals, Federal Circuit.

March 20, 2002.

ORDER

The appellant having failed to file the brief required by Federal Circuit Rule

31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**T & G AVIATION, INC., Appellant,**

v.

**U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT, Appellee.**

No. 01–1432.

United States Court of Appeals, Federal Circuit.

March 20, 2002.

ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for

failure to prosecute in accordance with the rules.

**ATLANTIC REPRESENTATIONS, INC., Plaintiff-Appellee,**

v.

**AMERICAN LIGHTING INDUSTRY INC., Yes International Products, Inc., Iem Furniture Inc., John Yeh, and Weng Choo Koay (also known as Bernard Koay), Defendants–Appellants.**

No. 01–1361.

United States Court of Appeals, Federal Circuit.

March 20, 2002.

ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.